UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, | CASE NO. C25-1965JLR |
| Plaintiff, | ORDER |
| v. | |
| NORTHWEST REFRIGERATION SERVICES LLC, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiff Board of Trustees of the Employee Painters' Trust's

("BTEPT") motion for default judgment.  (Mot. (Dkt. # 24).)  BTEPT provides

"employee benefits to participants under a 'multiemployer plan,' 'employee benefit plan,'

and 'employee welfare benefit plan'" which Defendants are required to make monetary

contributions pursuant to the terms of the collective bargaining agreement."  (Compl.

//

ORDER - 1

(Dkt. # 1) ¶ 6.)  Defendant Northwest Refrigeration Services LLC ("NWRS") is a signatory to and/or bound by the collective bargaining agreement entitled:

> Agreement by and between SMART Northwest Regional Council of SMART Local Union 55 and Inland Northwest Sheet Metal Contractors Association (SMACNA) and Independent Contractors, Northeastern Washington and Northern Idaho, Southeastern Washington and Northeastern Oregon, Covering Sheet Metal, Roofing, Ventilating and Air Conditioning Contracting, Divisions of the Construction Industry ("CBA").

(*Id*. ¶ 24).  BTEPT asserts that NWRS agreed to be bound by the terms and conditions of the CBA, successor agreements, and/or agreements thereto as well as the Trust Agreement and the Policies and Procedures adopted by BTEPT.  (*Id*. ¶¶ 25-36.) Defendants Jamie Macki and Molly Macki (together, "Individual Defendants") are "the primary owners, shareholders, directors, officers, members, managers, governing persons, principals and/or key employee[s] of NWRS" that are "responsible for payment of contributions and related damages[.]"  (*Id*. ¶ 63; *see also id*. ¶¶12-13.)

On April 30, 2025, Defendants NWRS, Jamie Macki, and Molly Macki (collectively, the "NWRS Defendants") entered into a Stipulation and Consent for Entry of Judgment ("Stipulation for Entry") and Judgment in favor of the Trust and against the NWRS Defendants, jointly and severally ("Judgment by Confession"), in the amount of $40,815.75 ("COJ Amount").  (*Id*. ¶ 37.)  The COJ Amount included contributions, prejudgment interest, liquidated damages, attorneys' fees, and costs owed to BTEPT for work performed by employees as described in the CBA ("Covered Work") reported by NWRS during the April 2024 through March 2025 work months.  (*Id*.; *see also id*. ¶¶30-31.)  The Stipulation for Entry required the NWRS Defendants to pay the COJ Amount

ORDER - 2

by remitting (1) five consecutive monthly installment payments in the amount of $7,042.69 each by the fifteenth of each month from May 15, 2025 to September 15, 2025; and (2) one final monthly installment in the amount of $6,972.96 by October 15, 2025 (collectively, the "Settlement Payments"). (*Id*. ¶ 39.) BTEPT asserts that the NWRS Defendants have not complied with its demands for payment. (*Id*. ¶ 47.) Specifically, BTEPT alleges that the NWRS Defendants failed to: (1) remit all of the Settlement Payments; and (2) submit timely monthly reports and comply with paying contributions to BTEPT that fell due pursuant to the CBA and Trust Agreement while the COJ Amount remained unpaid (the "Stay Current Obligation") which continue to accrue interest and liquidated damages. (*Id*. ¶¶ 41-46.)

BTEPT served the NWRS Defendants on March 4, 2026. (Service By Publication (Dkts. ## 16-18) (stating that notice was published by the Daily Journal of Commerce on January 28, 2026, February 4, 2026, February 11, 2026, February 18, 2026, February 25, 2026, and March 4, 2026); *see also* Cert. of Service (Dkt. # 20) (certifying that on January 27, 2026, BTEPT mailed a copy of each respective Summons and a copy of the Complaint to each of the NWRS Defendants through the United States Postal Service via first-class mail and certified mail).) The NWRS Defendants failed to appear or otherwise respond to BTEPT's complaint. (*See generally* Dkt.) The court entered default against the NWRS Defendants on April 2, 2026. (Default (Dkt. # 23).) BTEPT filed this motion for entry of default judgment on May 5, 2026. (*See generally* Mot.)

//

//

ORDER - 3

## II.    ANALYSIS

**A.    Jurisdiction**

Before entering default judgment, the court must confirm that it has both subject matter and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.") (citation omitted). The court has subject matter jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)-(f). (Compl. at 1-2.) The court also has jurisdiction under Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a). (*Id.*) The court has personal jurisdiction over the NWRS Defendants based on their failure to make payments to BTEPT because this is the Judicial District where "the Trust is administered, the signatory labor organization maintains its office, where the [C]overed [W]ork was performed, and where the contractual obligation is to be paid." (*See id.*) As a result, the court is satisfied that it has jurisdiction to enter default judgment against the NWRS Defendants.

**B.    Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) authorizes the court to enter default judgment against a defaulting defendant upon the plaintiff's motion. Fed. R. Civ. P. 55(a), (b)(2). After default is entered, well-pleaded factual allegations in the complaint, except those related to damages, are considered admitted and are sufficient to establish a

//

ORDER - 4

defendant's liability.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

Entry of default judgment is left to the court's discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion, the court considers seven factors (the "*Eitel* factors"): (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of the plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake in relationship to the defendant's behavior; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the preference for decisions on the merits when reasonably possible.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  If the court determines that default judgment is appropriate, it must then determine the amount and character of the relief that should be awarded.  *See TeleVideo*, 826 F.2d at 917-18.

**C.      BTEPT Is Entitled to Default Judgment.**

The court applies the *Eitel* factors to this case and concludes that they favor entry of default judgment on BTEPT's claim against the NWRS Defendants.

1.      Possibility of Prejudice to BTEPT

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default judgment is not entered.  *See PepsiCo, Inc., v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Without default judgment, BTEPT will suffer prejudice because it will "be denied the right to judicial resolution" of its claims and will be "without other recourse for recovery."  *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D.

388, 392 (C.D. Cal. 2005).  Thus, the first *Eitel* factor weighs in favor of entering default judgment.

### 2.    Sufficiency and Merits of BTEPT's Complaint

The second and third *Eitel* factors—the substantive merits of the plaintiff's claim and the sufficiency of the plaintiff's complaint—are frequently analyzed together. *PepsiCo*, 238 F. Supp. 2d at 1175.  For these two factors to weigh in favor of default judgment, the complaint's allegations must be sufficient to state a claim for relief. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).  A complaint satisfies this standard when it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 570 (2007)).  At the default judgment stage, the court "must take the well-pleaded factual allegations [in the complaint] as true" but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citations omitted).

Here, BTEPT alleges that the NWRS Defendants are bound to the CBA and Trust Agreement as well as a Stipulation for Entry and Judgment by Confession.  (*See* Compl. ¶¶ 24-39; Tenberg Decl. (Dkt. # 26) ¶ 7, Ex. 1 (Trust Agreement), ¶ 9, Ex. 2 (CBA); Smith Decl. (Dkt. # 25) ¶ 3, Ex. 1 (Stipulation and Consent for Entry of Judgment by Confession).)  BTEPT asserts that the NWRS Defendants were required to (1) make timely Settlement Payments toward the COJ Amount, and (2) timely submit monthly reports and pay all contributions due pursuant to their Stay Current Obligation, which

they have failed to do.  (Compl. ¶¶ 37, 39-47).  The court concludes that BTEPT has sufficiently pleaded a claim for breach of contract as to the NWRS Defendants, violation of ERISA 29 U.S.C. § 145 as to NWRS, and breach of written Trust Agreement as to the Individual Defendants.

### 3.    The Sum of Money at Stake

For the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of the defendant's conduct.  *PepsiCo*, 238 F. Supp. 2d at 1176.  The court also assesses whether the amount of monetary damage requested is proportional to the harm caused by the defendant.  *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014).  In this case, BTEPT seeks to recover fringe benefit contributions in the amount of $51,661.61; liquidated damages in the amount of $4,492.51; interest in the amount of $3,868.64; and attorneys' fees and costs in the amount of $34,977.14 for a total of $94,999.90.  (*See* Mot. at 10.)  These amounts are directly proportional to the harm and seriousness of the NWRS Defendants' failure to timely report and pay contributions to BTEPT.  This factor weighs in favor of default judgment.

### 4.    Possibility of Dispute over Material Facts

For the fifth *Eitel* factor, the court considers the possibility of a dispute concerning material facts.  *Eitel*, 782 F.2d at 1471-722.  Upon default, a plaintiff's factual allegations of the complaint are considered as true.  *Geddes*, 559 F.2d at 560.  Because the NWRS Defendants failed to appear or otherwise respond, they have failed to rebut BTEPT's

//

ORDER - 7

allegations and the evidence BTEPT has provided to support its claims.  Therefore, the court concludes that the fifth *Eitel* factor favors entry of default judgment.

### 5.    Possibility of Excusable Neglect

For the sixth *Eitel* factor, the court assesses whether the defendant's default was due to excusable neglect.  *PepsiCo*, 238 F. Supp. 2d at 1177.  Here, the NWRS Defendants were properly served with the summons and complaint but did not respond to the complaint or otherwise defend.  (*See generally* Dkt.)  Therefore, the court concludes that the sixth *Eitel* factor favors entry of default judgment.

### 6.    Policy in Favor of Decision on the Merits

For the seventh *Eitel* factor, the court addresses the strong policy preference in favor of resolution of claims on their merits.  *See Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible.") (citation omitted).  Where, as here, a defendant fails to appear or defend itself in action, however, the policy favoring decisions on the merits is not dispositive.  *PepsiCo*, 238 F. Supp. 2d at 1177.  Thus, although the court's preference for resolving issues on their merits weighs against entry of a default judgment, this factor is outweighed by the other *Eitel* factors, as summarized here.  Accordingly, the court concludes that entry of default judgment in favor of BTEPT is warranted.

**D.    BTEPT Provides Sufficient Evidence to Support the Relief Requested.**

The court now turns to the issue of remedies.  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the [complaint]."  Fed. R. Civ. P. 54(c); *Fong v. United States*, 300 F.2d 400, 413 (9th Cir. 1962).  Defaulting defendants

ORDER - 8

are not deemed to have admitted the facts alleged in the complaint concerning the amount of damages. *TeleVideo*, 826 F.2d at 917. Rather, the plaintiff "must 'prove up' the amount of damages that it is claiming." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003). In this District, a plaintiff must provide "a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought." Local Rules W.D. Wash. LCR 55(b)(2)(A).

Here, BTEPT provides evidentiary support for its claim of $51,661.61 in unpaid contributions, $3,868.64 in accrued interest, $4,492.51 in liquidated damages, and $34,977.14 in attorneys' fees and costs for a total amount owed of $94,999.90. (*See* Tenberg Decl. ¶ 20, Ex. 4 (Account Statement).) BTEPT has also sufficiently supported its request for an award of attorneys' fees in the amount of $31,453.25 and costs of $3,523.89 through detailed accounting. (*See* Smith Decl. ¶¶ 11-29, Exs. 1, 4.) The court finds that the hours expended on this case and the hourly rate charged are reasonable and in line with awards in similar cases. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (explaining that a court determines a reasonable fee award by calculating the lodestar, which represents the product of a reasonable number of hours expended and a reasonable hourly rate). As a result, the court grants in full BTEPT's motion for entry of default judgment.

//

//

ORDER - 9

## E.     BTEPT is Entitled to Injunctive Relief.

BTEPT also asserts that because "the full extent of the contributions due and owing to [them] cannot presently be determined without review of NWRS's payroll and related records for the unreported months" NWRS should be required to submit all overdue missing monthy remittance reports, and produce payroll and related records for a compliance audit. (Mot. at 9.)  Both the Supreme Court and the Ninth Circuit have affirmed the right of ERISA plan fiduciaries to audit the payroll and related records of contributing employers.  *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 565-68 (1985); *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1494 (9th Cir. 1990); *Brick Masons Pension Tr. v. Indus. Fence & Supply, Inc.*, 839 F.2d 1333, 1337 (9th Cir. 1988).  Thus, the court deems an order compelling an audit to be an appropriate equitable relief under 29 U.S.C. § 1132(g)(2)(E).

Lastly, BTEPT requests that the court retain jurisdiction to award any additional fringe benefit contributions and related damages revealed by a compliance audit.  (Mot. at 9.)  "This request is consistent with relief granted in similar ERISA cases, wherein courts have retained jurisdiction to adjust the final damages award following an audit."  *Emp. Painters' Tr. v. Dahl Constr. Servs., Inc.*, No. C19-1541-RSM, 2020 WL 3639591, at *3 (W.D. Wash. July 6, 2020).  Thus, this court will retain jurisdiction in order to enter an amended judgment upon the determination of the total amounts owed by the NWRS Defendants after completion of the compliance audit.

//

ORDER - 10

### III.   CONCLUSION

For the foregoing reasons, the court GRANTS BTEPT's motion for default judgment (Dkt. # 24).  The court AWARDS the following relief:

1. The court enters Default Judgment in favor of the Plaintiff Board of Trustees of the Employee Painters' Trust against Defendants Northwest Refrigeration Services, LLC, Jamie Macki, and Molly Macki jointly and severally, for the following known amounts due

| | |
|---|---|
| Fringe Benefit Contributions: | $51, 661.61 |
| Liquidated Damages: | $4,492.51 |
| Interest: | $3,868.64 |
| Attorneys' Fees and Costs: | $34,977.14 |
| Total: | $94,999.90 |
| Attorneys for Judgment Creditor: | Christensen James & Martin, Chtd. |

2. NWRS shall submit to BTEPT all overdue monthly remittance reports for the November 2025 through February 2026 work months, identifying all covered employees and the hours worked by each such employee during those months **within 30 days of entry of this judgment**.

3. NWRS shall make its payroll and related records available to BTEPT and BTEPT's auditors for a compliance audit to verify compliance with the applicable collective bargaining agreement and Trust Agreement, and to determine whether additional fringe benefit contributions and related damages are due for any unreported or underreported periods **within 30 days of entry of this judgment**.

ORDER - 11

4. The court shall retain jurisdiction over this matter to enter an amended judgment upon supplemental motion and supporting proof for any additional fringe benefit contributions, interest, liquidated damages, additional attorneys' fees and costs, and recoverable audit costs shown by the audit or otherwise established by BTEPT.  BTEPT must support these amounts with evidence upon audit completion.

5. Upon entry of judgment, BTEPT is entitled to post-judgment interest as allowed by law.

Dated this 12th day of May, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 12